

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DIANE S. WILES,

      Plaintiff,

v.                                     Civil Action No. 2:07cv524

BOAT/U.S., INC.

and

THE CONTINENTAL INSURANCE
COMPANY,
as successor by merger with
The Buckeye Union Insurance Company,

      Defendants.

## ORDER AND OPINION

Pending before the court are a motion to remand, filed by the plaintiff, Diane S. Wiles, and a motion for sanctions, filed by the defendants. The plaintiff claims that the defendants improperly removed this matter from the Circuit Court for the City of Virginia Beach, Virginia, and that this court lacks subject matter jurisdiction over the case because there is not complete diversity of the parties. The defendants, Boat/U.S., Inc., and The Continental Insurance Company, claim that Boat/U.S. has been fraudulently joined by the plaintiff in an effort to defeat this court's jurisdiction, and request dismissal of Boat/U.S. as a defendant. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the plaintiff's motion to remand and **DENIES** as **MOOT** the defendants' motion for sanctions.

I. Factual Background

This case arises out of a boating accident that occurred on or about September 1, 2003, and in which the plaintiff was injured. At the time of the accident, the plaintiff was a passenger on a private boat being operated by Arthur O. Adkins. As a result of the accident, the plaintiff sustained certain injuries, for which she filed a lawsuit against Adkins in the Circuit Court for the City of Virginia Beach. On or about August 4, 2006, the plaintiff obtained a judgment against Adkins in the amount of $325,000.00.

Defendant Boat/U.S., an independent agent of insurance, sold a marine insurance policy, number 1198441-03, to one Charles Grandy, in coverage of the boat in question. Defendant The Buckeye Union Insurance Company ("Buckeye Union") issued and underwrote the policy. Buckeye Union has since merged with The Continental Insurance Company ("Continental"), which is its successor-in-interest. The policy in question provided certain levels of liability coverage and medical payments coverage on the vessel. At some point, Adkins assigned to the plaintiff any claims he may have had against the defendants.

II. Procedural History

On October 9, 2007, in the Circuit Court for the City of Virginia Beach, the plaintiff filed a complaint against Boat/U.S., Buckeye Union, and The CNA Corporation ("CNA"), in which she alleges that she is the beneficiary of the insurance policy issued to Charles Grandy, that the defendants breached their contractual obligations to the plaintiff under the policy, and that the defendants failed to act in good faith and in fulfillment of their duties as fiduciaries. Boat/U.S. and Continental, as successor by its merger with Buckeye Union, filed an answer to the complaint on November 8, 2007. On November 15, 2007, the defendants removed the lawsuit to

this court on the basis of diversity jurisdiction, and alleged that Boat/U.S. and CNA were fraudulently joined as defendants in an effort to defeat diversity. Therefore, the defendants ask for the court to disregard Boat/U.S. and CNA for purposes of this litigation. On November 26, 2007, the plaintiff voluntarily dismissed CNA as a party from the lawsuit.

On December 10, 2007, the plaintiff filed a motion to remand, arguing that the facts did not support a finding of fraudulent joinder and that Boat/U.S. is a real defendant against whom the plaintiff might recover. The defendants filed a response to the motion on December 21, 2007, arguing that, because Boat/U.S. did not issue the contract of insurance at issue in this case, the plaintiff cannot recover against Boat/U.S. for its breach. Further, the defendants indicate that this court has original jurisdiction over admiralty claims, of which the instant case is one. See 28 U.S.C. § 1333. On December 26, 2007, the plaintiff filed a reply brief, arguing that she could recover against Boat/U.S. with respect to her claim for bad faith denial of coverage. The matter is therefore ripe for consideration.

III. Standard of Review

The rules governing removal to federal court based on diversity jurisdiction are more narrow than those governing cases originally brought in federal court. Federal law forms the basis for diversity jurisdiction in federal courts. See 28 U.S.C. § 1332. If jurisdiction is predicated on diversity and not on a federal question, a state court "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, it must remand that case back to state court. See 28 U.S.C. § 1447(c). Ordinarily, if a case is remanded

3

back to state court, the defendant forever loses any possibility of a review of the court's decision to remand. See 28 U.S.C. § 1447(d). "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906). This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and will only remand if it is clear that jurisdiction is improper at the federal level.

The doctrine of fraudulent joinder permits a federal judge to disregard non-diverse parties to the claim, thereby creating subject matter jurisdiction for the federal court even in the absence of complete diversity. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). "In order to establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: 'That there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). Furthermore, the Fourth Circuit explains that "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. (citations omitted).

In Linnin v. Michielsens, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005), this court previously

held that the "no possibility" standard cannot be mechanically applied given the Fourth Circuit's contradicting description of the fraudulent joinder doctrine in <u>AIDS Counseling & Testing Centers v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990), which states:

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming."

<u>AIDS Counseling & Testing Centers v. Group W Television, Inc.</u>, 903 F.2d 1000, 1003 (4th Cir. 1990) (citing <u>Lewis v. Time Inc.</u>, 83 F.R.D. 455, 460 (E.D. Cal. 1979)) (citations omitted). In <u>Linnin</u>, this court explained that the "'real intention' formulation . . . is significantly at odds with the less subjective 'no cause of action' language . . . ." <u>Linnin</u>, 372 F. Supp. 2d at 818 (citing <u>Riverdale Baptist Church v. Certainteed Corp.</u>, 349 F. Supp. 2d 943, 947 (D. Md. 2004)). The court observed that the Fourth Circuit's "focus shifts between the plaintiff's ability to sue and the plaintiff's intention of getting a joint judgment -- two very different questions." <u>Id.</u>

Furthermore, this court observed that, on a motion to remand, a court has the "authority to look beyond the pleadings and consider summary-judgment-type evidence, such as the affidavits and the depositions accompanying either a notice of removal or a motion to remand." <u>Id.</u> at 819. In <u>Linnin</u>, this court distinguished the <u>standard</u> of review to be applied from the <u>scope</u> of the review. <u>Id.</u> at 818. Although a court may consider evidence of the type ordinarily considered in evaluating motions for summary judgment, the standard of review remains akin to that of a motion to dismiss. <u>Id.</u> at 819. See also <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (noting that the "standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6)"). Based on the confusion

surrounding the applicable standard, the court held that the "no possibility" test should be applied "not rigidly[] but reasonably." Linnin, 372 F. Supp. 2d at 818. Thus, the court held that the proper test for fraudulent joinder is "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no <u>reasonable</u> basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." <u>Id.</u> at 819 (citing <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004))(emphasis added).

IV. Discussion

A. Admiralty Jurisdiction

The analysis of the court's removal jurisdiction begins with 28 U.S.C. § 1441. Section 1441(b) permits the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Although an action on a marine insurance policy is indisputably within the original admiralty and maritime jurisdiction of the federal courts, <u>Wilburn Boat Co. v. Fireman's Fund Ins. Co.</u>, 348 U.S. 310, 313-314 (1955), this does not satisfy the requirements of § 1441. The federal courts are granted original jurisdiction "exclusive of the courts of the States, of: Any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>." 28 U.S.C. § 1333 (emphasis added). The "saving to suitors" clause of § 1333 "preserves a maritime suitor's election to pursue common-law remedies in state court." <u>Servis v. Hiller Sys. Inc.</u>, 54 F.3d 203, 206 (4th Cir. 1995). As the Supreme Court has held, it is a necessary corollary to the "saving to suitors" clause that an <u>in personam</u> maritime claim brought in state court may not be removed pursuant to 28 U.S.C. § 1441 based solely on

general federal question jurisdiction. Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959) (noting that admiralty cases in general do not "arise under" the Constitution, treaties, or laws of the United States).

However, where there exists some independent basis for federal jurisdiction, such as diversity or an independent federal question regarding a federal maritime statute, an admiralty case may be removable to federal court. Servis, 54 F.3d at 207. Although the defendants appear to argue that this court may retain jurisdiction over the instant case based solely on its relation to admiralty and maritime law, the case law says otherwise. Yet, as noted infra, the defendants cannot establish that the plaintiff has no possibility of recovery against Boat/U.S. in this action, and therefore the court lacks subject matter jurisdiction on the basis of diversity, as both the plaintiff and Boat/U.S. are citizens of Virginia. Accordingly, the court has no basis upon which to exercise subject matter jurisdiction over this case, and it must be remanded to the state court.

B. Fraudulent Joinder

The defendants allege that Boat/U.S. has been fraudulently joined to the case, and that the plaintiff has no possibility of recovering against Boat/U.S. because the contract of insurance was issued by Buckeye Union, which has now become Continental. The defendants claim that, because Boat/U.S. was not a party to the insurance contract, but was merely an agent that arranged the formation of that contract, it cannot be sued for its breach. In response, the plaintiff notes that the action has been brought both for breach of contract and for bad faith denial of a claim on the insurance policy. However, Virginia law recognizes a claim for bad faith denial of insurance coverage only if it arises out of statutory or contractual origins. See Bettius & Sanderson, P.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 839 F.2d 1009, 1016-17 (4th Cir.

1988); A&E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 676 (4th Cir. 1986).

Nevertheless, the plaintiff argues that she has received numerous communications from Boat/U.S. referring to the denial of the claim on the policy, and therefore at very least the appearance is that it was Boat/U.S. that actually denied the claim. See Exhibits A & B to Plaintiff's Reply Brief. Although apparently acknowledging that a claim for bad faith denial of insurance coverage arises in contract, not in tort, the plaintiff appears to argue that Boat/U.S.'s involvement in the denial of the claim demonstrates the possibility that Boat/U.S. was not acting within the scope of its agency, or that Boat/U.S. played some role that would subject it to liability under the plaintiff's allegations. In separate filings, the plaintiff has alleged that delays in production of discovery materials have prevented her from fully understanding Boat/U.S.'s role in the denial of coverage on the marine insurance claim. Accordingly, the court cannot find that the defendants have met their high burden of demonstrating that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Linnin v. Michielsens, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005). Thus, this court remains without subject matter jurisdiction to decide the instant case, and the proper course of action is to remand the case to state court. The court notes that, should it be determined at a later point that Boat/U.S. is not a proper party, the defendants may be able to remove the case again to this court. However, at this time, the defendants simply have not met their burden of demonstrating that Boat/U.S. is fraudulently joined.

V. Conclusion

For the foregoing reasons, the plaintiff's motion to remand is **GRANTED** and the case is **REMANDED** to the Circuit Court for the City of Virginia Beach. Accordingly, the defendants'

motion for sanctions is **DENIED as MOOT**.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record for the parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 20, 2008